## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FRANK A. VARRICCHIO,
      Plaintiff,

    v.

RONALD L. CHALECKI, JR.,
      Defendant.

No. 3:14-CV-00937 (MPS)

## RULING ON MOTIONS

Plaintiff Frank Varricchio brings this suit, *pro se*, against Defendant Ronald Chalecki, the

Zoning Enforcement Officer for the Town of Franklin, Connecticut.  Plaintiff asserts claims arising

out of Defendant's enforcement of zoning regulations with respect to two pieces of property used

by Plaintiff and owned by a limited liability company that is not a party to this lawsuit.  Defendant

now moves for summary judgment on all counts.  For the reasons set forth below, Defendant's

motion is GRANTED.

### I.    Factual Background

#### A.  Summary Judgment Record

The following facts are undisputed unless otherwise indicated.[1]  Plaintiff's claims arise

from a series of Cease and Desist Orders sent to New England Rebuilders, LLC ("New England

---

[1] Plaintiff did not submit a statement under Local Rule 56(a)(2) controverting factual statements in Defendant's Local 56(a)(1) statement – even after Defendant filed the Notice to Pro Se Litigants warning him of the consequences of failing to do so.  (ECF No. 27.)  Plaintiff did file an affidavit, however, which, because he is proceeding *pro se*, the Court has considered.  He also filed the entire transcript of his deposition, which consists of 265 pages.  (ECF Nos. 24-1 and 24-2.)  Dumping evidence into the record in this manner does not comply with Local Rule 56, and it is not this Court's obligation to sift through Plaintiff's deposition testimony to determine if he has raised issues of fact.  *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) ("We agree with those circuits that have held that Fed.R.Civ.P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute.").  That said, considering Plaintiff's *pro se* status, the Court has made every effort to locate material testimony from his deposition.

Rebuilders") by Defendant regarding two properties on Pond Road in Franklin, Connecticut.  The properties (collectively, the "property") are currently owned by New England Rebuilders, which acquired title on April 4, 2005.  (ECF No. 23-5.)  The property consists of a "vacant piece of land" that Plaintiff used to warehouse vehicles and trucks and store other equipment since at least October 22, 2003.  (ECF No. 24-1 at 35, 43-45, 58.)  Plaintiff has not resided on the property.  (*Id.* at 9-10, 80.)

Before April 2005, the property was owned by DSD Cedar Hill, LLC, and Plaintiff leased the property from that company.  (*Id.* at 34, 44.)  On October 21, 2003, after being alerted to a possible zoning violation on the property, Defendant conducted a visual inspection of the property without entering the property.  (ECF No. 23-4 at 2.)  Defendant sent a letter to DSD Cedar Hill, LLC, on October 22, 2003, informing it that he had observed that the property was being used for "outside storage of used and abandoned vehicles and equipment," which was not in compliance with town zoning regulations and that the vehicles and equipment had to be removed immediately. (*Id.* at 9.)  On November 25, 2003, Defendant sent a second notice to DSD Cedar Hill, LLC.  (*Id.* at 11.)  Defendant says that after the second notice, a representative of DSD Cedar Hill contacted him, and based on that conversation, Defendant took no further action.  (*Id.* at 2.)

On September 22, 2005, Defendant received a letter from Richard Matters, First Selectman of the Town of Franklin, who informed him that the property was not in compliance with zoning regulations, enclosed photos of the property, and requested that he "enforce the zoning regulations" at the property.  (*Id.* at 13-14.)  By this time, New England Rebuilders had purchased the property. (ECF No. 23-5.)  At an October 18, 2005 meeting, the Planning and Zoning Commission voted to instruct Defendant to send the "new owner," i.e., New England Rebuilders, a letter about the

zoning violations.  (ECF No. 23-4 at 2.)  Defendant sent the letter to New England Rebuilders on October 26, 2005.  (*Id.* at 16.)  Defendant sent a second notice on February 14, 2006.  (*Id.* at 18.) On March 28, 2006, Mr. Matters again wrote to Defendant to inform him that someone was living on the property in a camper.  (*Id.* at 20.)[2]

After Defendant received no response to the letters, the Planning and Zoning Commission voted to authorize him to send New England Rebuilders another letter informing it that "legal action may be taken if the zoning violations were not resolved."  (*Id.* at 3.)  Defendant sent a Cease and Desist Order to New England Rebuilders on September 12, 2006.  (*Id.* at 22.)  The Order informed New England Rebuilders that it was violating the following zoning ordinances:

*Franklin Zoning Regulation sections 9.4: Prohibited Uses.*

9.4.1: Any activity which produces unreasonable odors (caused by the uncontrolled discharge or exposure of human waste) considered objectionable to the residents of the area, and[3],

*Franklin Zoning Regulation sections 9.19: Mobile Home During Construction of Dwelling.*

Not providing a permanent dwelling or a temporary mobile home for occupancy during the construction or reconstruction of a permanent dwelling. The mobile home must be in compliance with Sections 9.19.1 through 9.19.7 of this Regulation.

(*Id.*)  The Order stated that New England Rebuilders had two weeks to "remove the violation and conditions" noted in the Order.  (*Id.*)  Defendant sent a corrected Cease and Desist Order on

---

[2] Plaintiff asserted in his deposition that there was never a mobile home on the property, but also stated that he was aware of a woman dying in a mobile home located on the property.  (ECF No. 24-1 at 87-89.)

[3] Defendant acknowledges that this particular claim of violation was a "scrivener's error." (ECF No. 23-4 at 3.)

January 2, 2007, stating that New England Rebuilders was violating the following zoning ordinances:

> *Franklin Zoning Regulations sections 9.3: Permitted Uses*
>
> 9.3 No building or use shall be permitted to be located in the Town of Franklin unless it is a use, or is similar to a use, listed as permitted by right.  In any case where a use is alleged to be similar to a specified use by the Franklin Zoning Regulations, its status shall be determined by the Commission by reference to the most clearly similar permitted use, or it shall be declared that the use is not similar.
>
> *The existing operation on the above mentioned property has not been approved by the Town of Franklin for the use.*
>
> *Franklin Zoning Regulation sections 9.19: Mobile Home During Construction of Dwelling.*
>
> Not providing a permanent dwelling or a temporary mobile home for occupancy during the construction or reconstruction of a permanent dwelling. The mobile home must be in compliance with Sections 9.19.1 through 9.19. 7 of this Regulation.

(*Id.* at 24.)  The Order also notified New England Rebuilders that it would face legal action if it did not comply within one week.  (*Id.*)  On January 8, 2007, New England Rebuilders sent Defendant a letter asking for clarification[4], and Defendant sent a letter responding on January 30, 2007.  (*Id.* at 26.)

The Town filed a lawsuit in Connecticut Superior Court on January 30, 2007, to enforce the Cease and Desist Order.  (*Id.* at 28-32.)  The Superior Court "entered a verdict" for New England Rebuilders.[5]  (*Id.* at 4.)  After discussions with the Town Attorney, Defendant reissued a Cease and Desist Order on May 20, 2008.  (*Id.* at 4, 38.)  The Order stated that New England

---

[4] This letter is not included in the record.

[5] I have been unable to find the case on the Connecticut Judicial Branch website.  Defendant states that "the Court did not determine whether or not a violation existed on the property, but rather determined that there was a fault in the process and/or evidence at trial."  (ECF No. 23-4 at 4.)

Rebuilders could appeal to the Franklin Zoning Board of Appeals within 35 days.  (*Id.* at 39.)  On May 20, 2008, New England Rebuilders sent Defendant a letter stating that the Order was "irrelevant" and that it was complying with the law.  (ECF No. 23-6.)  On July 22, 2008, Defendant responded to the letter, stating that it was attaching an application to appeal the Order to the Franklin Zoning Board of Appeals.  (*Id.* at 41.)  The appeal application itself does not appear in the record.  New England Rebuilders never appealed the decision.  (*Id.* at 5, ECF No. 24-1 at 93.) Plaintiff asserted in his deposition that he received a letter from Defendant on March 1, 2011, informing him that the Cease and Desist Order from May 20, 2008 was still in effect.[6]  (ECF No. 24-1 at 28, 119.)

Plaintiff filed the present action on June 27, 2014.  (ECF No. 1.)  Defendant has now moved for summary judgment and served Plaintiff with the required Notice to Pro Se Litigants on November 17, 2015.  (ECF No. 27.)

### B.  Plaintiff's Claims

Plaintiff brings 20 counts against Defendant.  (Compl., ECF No. 1.)  With the exception of his claim of a Fourth Amendment violation, his claims challenge the Cease and Desist Orders issued by Defendant, the Town of Franklin Zoning Officer.  Plaintiff alleges that Defendant violated his rights by continually reissuing an identical Cease and Desist Order to New England Rebuilders.  Defendant issued a Cease and Desist Order to New England Rebuilders on May 20, 2008, even after the Connecticut Superior Court had "entered a verdict" for New England Rebuilders on an earlier, identical Cease and Desist Order dated January 2, 2007.  The two Cease and Desist Orders were addressed to New England Rebuilders and contained the same violations. Plaintiff conducted a business on the property, and alleges that the Cease and Desist Orders

---

[6] This letter is not included in the record.

hindered his business.  These allegations are the basis for the bulk of his claims, including Due Process Violation (Count 1), Violation of the Sixth Amendment Right to a Speedy Trial (Count 3), Violation of the Eighth Amendment Right to be free from excessive bail (Count 4), Violation of the Ninth Amendment (Count 5), Violation of the Tenth Amendment (Count 6), Violation of the Ex Post Facto Clause (Count 7), Violation of the Equal Protection Clause (Count 8), Violations of federal criminal statutes 18 U.S.C. §§ 242, 872, 1341, 1346, 1349 (Count 9 – 14), Violations of Civil Rights under 42 U.S.C. §§ 1981, 1982, and 1983 (Counts 15 – 17), Double Jeopardy under 42 U.S.C. § 2000h-1 (Count 18), Perjury under 18 U.S.C. § 1621 (Count 19), and Zoning Violations under "S. Statutes Chapter 124-125" (Count 20).

Plaintiff's Fourth Amendment claim (Count 2) alleges that Defendant approached him on the property some time before January 2, 2007, to threaten him with a Cease and Desist Order if the property was not brought into compliance with the zoning regulations. He also claims that the visual inspections conducted by the Defendant violated his Fourth Amendment rights.  I interpret most of Plaintiff's claims to invoke Section 1983.

## II.    Legal Standard

Summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating that no genuine issue exists as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). If the moving party carries its burden, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (citation omitted). An issue of fact is "material" if it "might affect the outcome of the suit under the governing law." *Konikoff v. Prudential Ins. Co. of America*, 234

F.3d 92, 97 (2d Cir. 2000) (citation omitted). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (internal quotation marks and citation omitted). On summary judgment, a court must "construe the facts in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Caronia v. Philip Morris USA, Inc.*, 715 F.3d 417, 427 (2d Cir. 2013) (quotation marks and citation omitted).

"[P]leadings of a *pro se* plaintiff must be read liberally and should be interpreted to 'raise the strongest arguments that they suggest.'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## III.  Discussion

### A.  Plaintiff Lacks Standing to Assert Most of His Claims

Defendant's main argument is that Plaintiff does not own the property that was the subject of the Cease and Desist Orders and thus does not have standing to sue.  (ECF No. 23-1 at 2-3.) "To satisfy the case or controversy requirement of Article III, which is the irreducible constitutional minimum of standing, a plaintiff must, generally speaking, demonstrate that he has suffered injury in fact, that the injury is fairly traceable to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (internal quotations omitted).  "A party must 'assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *In re Bernard L. Madoff Inv. Sec. LLC.*, 721 F.3d 54, 58 (2d Cir. 2013) (*citing Warth v. Seldin,* 422 U.S. 490, 499 (1975). A plaintiff can assert the constitutional rights of third parties only if it can show: "(1) injury to the plaintiff, (2) a close relationship between the plaintiff and the third party that would cause plaintiff

to be an effective advocate for the third party's rights, and (3) some hindrance to the third party's ability to protect his or her own interests." *Camacho v. Brandon*, 317 F.3d 153, 159 (2d Cir. 2003)

      With one exception discussed below, Plaintiff appears to be asserting the rights of non-party New England Rebuilders, the owner of the property. (*See* Compl., ECF No. 1 at 6 ("Defendant through his continual re-issuance and re-execution of an identical same 'Cease and Desist' Order . . . thereon a specific piece of property . . . which is owned by New England Rebuilders, LLC[.]); 7 ("It is a fact that Plaintiff was still individually conducting use of the property D/B/A Frank Varricchio at 557 Pond Road when New England Rebuilders . . . purchased the property from D.S.D."); 8 ("It is a fact that Defendant cited N.E.R. with violation[s]."); 9 ("It is a fact that on May 28, 2008 Defendant once again reissued the 'Cease and Desist Order' against N.E.R.").) Plaintiff testified throughout his deposition that he is not a member of New England Rebuilders (ECF No. 24-1 at 18-19, 21, 34, 57, 81), and in his affidavit avers that "about the latter part of 2005" he turned his "ownership of 1/3 over to my other son, and I was devoid of all ownership" of New England Rebuilders. (ECF No. 34-2 at 2.) I note that online records of the Connecticut Secretary of State indicate that Frank A. Varricchio remains a member of New England Rebuilders, LLC. S*ee State of Connecticut Secretary of State,* Business Inquiry: New England Rebuilders, *http://www.concord-sots.ct.gov/CONCORD/online?sn=PublicInquiry&eid =9740; see Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) (holding that it was proper to take judicial notice of online government records, and taking judicial notice of records from the websites of the Illinois Secretary of State, the Indiana Secretary of State, Medicare.gov, and the Westchester County clerk); *MPC Franchise, LLC v. Tarntino*, 19 F. Supp. 3d 456, 463 (W.D.N.Y. 2014), *aff'd*, 826 F.3d 653 (2d Cir. 2016) (taking judicial notice of online records from New York Secretary of State and the United States Patent

and Trademark Office).  It is not clear, however, when the website was last updated, whether New

England Rebuilders informed the Secretary of State of the transfer of Plaintiff's interest to which

he testified, or whether the website otherwise correctly reflects the current membership of New

England Rebuilders.  If Plaintiff is not a member of New England Rebuilders, then he plainly does

not have standing to assert most of his claims as he has no ownership interest – even an indirect

one – in the property.  None of the cease and desist orders were addressed to Plaintiff, and he has

provided no evidence suggesting that New England Rebuilders is unable to bring suit itself.

Even if Plaintiff is a member of the LLC, however, he lacks standing.  Under Connecticut

law "property transferred to or otherwise acquired by a limited liability company is property of the

limited liability company and not of the members individually. A member has no interest in

specific limited liability company property."  Conn. Gen. Stat. Ann. § 34-167.

As explained by the Connecticut Appellate Court:

> A limited liability company is a distinct legal entity whose existence is separate
> from its members. A limited liability company has the power to sue or to be sued
> in its own name or may be a party to an action brought in its name by a member or
> manager. A member or manager, however, may not sue in an individual capacity
> to recover for an injury based on a wrong to the limited liability company.

*O'Reilly v. Valletta*, 139 Conn. App. 208, 214 (2012).  Courts have routinely found that a member

of an LLC does not have standing to sue on behalf of the LLC for an injury caused to the LLC.

*See Lundstedt v. People's United Bank*, 2015 WL 540988, at *2 (D. Conn. Feb. 10, 2015), *Zipp v.

Florian*, 2006 WL 3719373, at *1 (Conn. Super. Ct. Nov. 13, 2006), *Hudder v. City of Plant City*,

2014 WL 7005904, at *1 (M.D. Fla. Dec. 10, 2014); *Woods View II, LLC v. Kitsap Cty.*, 484 F.

App'x 160, 161 (9th Cir. 2012).

Moreover, while a member of a Connecticut limited liability company may bring suit on

behalf of the company, the company must authorize him to do so.  Under Connecticut law:

> Except as otherwise provided in an operating agreement, suit on behalf of the
> limited liability company may be brought in the name of the limited liability
> company by: (1) Any member or members of a limited liability company, whether
> or not the articles of organization vest management of the limited liability company
> in one or more managers, who are authorized to sue by the vote of a majority in
> interest of the members, unless the vote of all members shall be required pursuant
> to subsection (b) of section 34-142; or (2) any manager or managers of a limited
> liability company, if the articles of organization vest management of the limited
> liability company in one or more managers, who are authorized to sue by the vote
> required pursuant to section 34-142.

Conn. Gen. Stat. Ann. § 34-187(a).  Plaintiff nowhere suggests that he is suing on behalf of New

England Rebuilders and, in any event, he does not allege or provide any evidence that a majority

of the members of New England Rebuilders voted to authorize this lawsuit.

Plaintiff's lack of an interest in the property is fatal to virtually all of his claims, as it

deprives him of standing to challenge Defendant's issuance of the Cease and Desist Orders.  The

sole exception is Plaintiff's Fourth Amendment claim, which is described in Section III. C. below.

### B.  The Due Process (Count 1), Takings (Count 2), and Equal Protection Claims (Count 8) Are Unripe

Some of Plaintiff's claims suffer from another jurisdictional flaw as well, which is that they

are not ripe for adjudication.  Plaintiff claims that the Cease and Desist Orders violated his due

process[7] and equal protection rights.  I also construe Plaintiff's papers to claim Defendant effected

a taking of his property in violation of the Fifth Amendment.[8]

---

[7] Plaintiff does not specify if he is alleging procedural or substantive due process violations.  I will consider both claims.

[8] Plaintiff's complaint alleges that "Defendant did deprive the Plaintiff of security of effects by inciting a Cease and Desist Order against N.E.R."  (ECF No. 1 at 12.)  In his deposition, Plaintiff stated that "the cease and desist was a seizure of property."  (ECF No. 24-2 at 16.)  Construing Plaintiff's pleadings liberally, as I am required to do, I interpret this claim as both a Fourth Amendment claim (discussed below) and a Takings Clause claim.

None of these claims is ripe for adjudication.  The Court is "obliged to consider the ripeness

question before reaching the merits of [Plaintiff's] claims because ripeness is jurisdictional."

*Vandor, Inc. v. Militello*, 301 F.3d 37, 38–39 (2d Cir. 2002) (*citing Marchi v. Board of Cooperative*

*Educ. Servs. of Albany,* 173 F.3d 469, 478 (2d Cir.1999)).  In order for a claim based on a zoning

dispute to be ripe, Plaintiff must show that two steps have occurred:

> First, the local regulatory body must render a "final decision" on the matter.
> *Williamson,* 473 U.S. at 186, 105 S.Ct. 3108. Second, a plaintiff is required to seek
> compensation through an available state procedure before bringing suit in federal
> court. *Id.* at 194, 105 S.Ct. 3108.

*Kowalczyk v. Barbarite*, 594 F. App'x 690, 691–92 (2d Cir. 2014) (footnote omitted).  The

Supreme Court has held that in the context of a regulatory takings challenge, a claim "is not ripe

until the government entity charged with implementing the regulations has reached a final decision

regarding the application of the regulations to the property at issue."  *Williamson Cty. Reg'l*

*Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985).  "After the

Supreme Court decided *Williamson,* the Second Circuit extended the doctrine to certain other

constitutional claims, including substantive due process and equal protection challenges relating

to land-use disputes.  Further, this Court has made clear that procedural due process claims are

unripe if they are based on the same set of facts as unripe substantive due process and takings

claims." *Barbarite*, 594 F. App'x at 692 (*citing Dougherty v. Town of N. Hempstead Bd. of Zoning*

*Appeals,* 282 F.3d 83, 88–89 (2d Cir. 2002); *see also Kurtz v. Verizon New York, Inc.,* 758 F.3d

506, 515–16 (2d Cir. 2014)).

The final decision requirement "conditions federal review on a property owner submitting

at least one meaningful application for a variance."  *Murphy v. New Milford Zoning Comm'n*, 402

F.3d 342, 348 (2d Cir. 2005).  It is undisputed that neither Plaintiff nor New England Rebuilders

sought a variance or appealed the May 20, 2008 Cease and Desist Order to the Town of Franklin

Zoning Board of Appeals. (ECF No. 23-4 at 5, ECF No. 24-1 at 93.) Thus, the due process, takings, and equal protection claims are not ripe and the Court lacks jurisdiction over them.[9]

\* \* \* \* \*

Although the Court lacks subject matter jurisdiction over most of Plaintiff's claims, I address the merits to determine whether Plaintiff, a *pro* se litigant, might seek to substitute the owner of the property as the plaintiff, and whether the owner would be able to pursue these claims on the merits. *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir. 1997) (permitting substitution of a plaintiff even where there original plaintiff had no standing where court had jurisdiction over one claim); *see also Tech-Sonic, Inc. v. Sonics & Materials, Inc.*, 2016 WL 3962767 at \*10-15 (D. Conn., July 21, 2016). I find that any such substitution would be futile, because even if the Court did have subject matter jurisdiction over Plaintiff's claims, all of them would fail as a matter of law. I will address the merits of each claim in turn

### C. Fourth Amendment Claim (Count 2)

Plaintiff does have standing to assert his Fourth Amendment claim, even if he is not the owner of the property, because a lessee has a proprietary interest in a leasehold. *See United States v. Lace*, 502 F. Supp. 1021, 1039 (D. Vt. 1980), *aff'd*, 669 F.2d 46 (2d Cir. 1982) ("As lessee of the house and grounds, he had a property interest and the ability to exclude others. Hence, [plaintiff] can challenge a physical search of the property."). The Fourth Amendment claim, however, fails on the merits.

---

[9] There is nothing in the record suggesting that an appeal to the Zoning Board of Appeals would have been futile. *Murphy*, 402 F.3d at 349 ("A property owner, for example, will be excused from obtaining a final decision if pursuing an appeal to a zoning board of appeals or seeking a variance would be futile.").

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. Plaintiff asserts both that the May 20, 2008 Cease and Desist Order was a "seizure" of his property and that Defendant approached him on the property in question some time before January 2, 2007 to "threaten" him with a Cease and Desist Order.[10]  (Compl., ECF No. 1 at 11.)  In his deposition, Plaintiff testified that Defendant entered the property "some time in June of '06" to speak with him and his son.[11]  (ECF No. 24-2 at 5:21-24.)  Plaintiff does not allege that Defendant ever searched his property, aside from the "visual inspections" that led to the Cease and Desist Orders, which were performed from a vantage point outside of the property.  (*Id.* at 16:13-14; ECF No. 23-4 at ¶ 8, 33.)

The record shows that Plaintiff used the property for business purposes rather than as a home, and thus that he "may [have] open[ed] [himself] to intrusions that would not be permissible in a purely private context." *G. M. Leasing Corp. v. United States*, 429 U.S. 338, 353 (1977).  In any event, Plaintiff has provided no evidence that Defendant searched or seized anything on his property, or otherwise invaded an interest protected by the Fourth Amendment.  At most, he has introduced evidence that Defendant approached him outside, on the "vacant piece of land" that comprises the property, to speak with him and his son.  (ECF No. 24-1 at 58, 80.)  "[A]n individual

---

[10] I construed this argument to be a Takings Clause claim, and addressed it in Section B.

[11] Defendant briefed a statute of limitations defense in his Motion for Summary Judgment, although he did not plead it in his answer.  (ECF No. 11.)  There is some case law in this Circuit that suggests that the Court may excuse the failure to plead a statute of limitation defense. *See, e.g.*, *Plon Realty Corp. v. Travelers Ins. Co.*, 533 F. Supp. 2d 391, 394 (S.D.N.Y. 2008) ("Even where a defendant completely fails to plead a defense, courts have construed a subsequent summary judgment motion based on that defense as one to amend the answer to include it where the defense was unavailable at the time the movant served the answer.").  But I need not reach the issue because I grant the Motion for Summary Judgment on other grounds.

may not legitimately demand privacy for activities conducted out of doors in fields, except in the area immediately surrounding the home." *Oliver v. United States*, 466 U.S. 170, 178 (1984). In *Oliver*, the Supreme Court held that it did not violate the Fourth Amendment when the police entered open fields owned by the criminal defendant and conducted a search, finding marijuana plants. *Id.* As noted, the property in this case is a "vacant piece of land" that Plaintiff owned and used to warehouse vehicles outside. (ECF No. 24-1 at 58, 61.) Plaintiff did not reside on the property. (*Id.* at 9-10, 80.) Indeed, even if Plaintiff had resided on the property, Defendant's actions – akin to walking on a residential driveway – would not have violated Plaintiff's reasonable expectation of privacy. *United States v. Reyes*, 283 F.3d 446, 465 (2d Cir. 2002) ("The route which any visitor to a residence would use is not private in the Fourth Amendment sense, when police take that route for the purpose of making a general inquiry or for some other legitimate reason."); *United States v. Reilly,* 76 F.3d 1271, 1279 (2d Cir.1996) ("[D]riveways that are readily accessible to visitors are not entitled to the same degree of Fourth Amendment protection as are the interiors of defendants' houses."). Plaintiff does not assert that Defendant conducted any search or seizure at the time of their conversation; as best the Court can determine from the record, Defendant approached Plaintiff on a vacant lot that was visible from the public roadway and readily accessible to visitors.

Nor did Defendant's visual inspection violate the Fourth Amendment. Defendant avers that he never entered onto the property to conduct the visual inspection, and Plaintiff has submitted no evidence that he did. (ECF No. 23-4 at 5; ECF No. 24-2 at 16: 18.) The Fourth Amendment does not prohibit a government actor's viewing one's property from the street or another publically accessible vantage point:

> [t]he Fourth Amendment protection . . . has never been extended to require law enforcement officers to shield their eyes when passing . . . on public thoroughfares.

> Nor does the mere fact that an individual has taken measures to restrict some views of his activities preclude an officer's observations from a public vantage point where he has a right to be and which renders the activities clearly visible.  What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection."

*California v. Ciraolo*, 476 U.S. 207, 213 (1986) (internal citations and quotation marks omitted).

Thus, the record discloses no violation of the Fourth Amendment.

### D.  Sixth Amendment Claim (Count 3)

Plaintiff's claim that he was denied a right to a speedy trial in violation of the Sixth Amendment fails because there is no claim that he has been subjected to a criminal prosecution and "the Sixth Amendment does not govern civil cases." *Turner v. Rogers*, 564 U.S. 431, 441 (2011).

### E.  Eighth Amendment Claim (Count 4)

Plaintiff's claim under the Eighth Amendment fails because neither he nor New England Rebuilders has been subjected to any criminal punishment or fines.  (ECF No. 24-2 at 23, 24.)

### F.  Ninth Amendment Claim (Count 5)

Plaintiff's claim under the Ninth Amendment fails because "[t]he Ninth Amendment is not an independent source of individual rights; rather, it provides a rule of construction that we apply in certain cases." *Jenkins v. C.I.R.*, 483 F.3d 90, 92 (2d Cir. 2007).

### G.  Tenth Amendment Claim (Count 6)

Plaintiff's claim under the Tenth Amendment fails because "[t]he Tenth Amendment does not protect any specific personal right."  *Mann by Parent v. Meachem*, 929 F. Supp. 622, 634 (N.D.N.Y. 1996).

### H.  Ex Post Facto Claim (Count 7)

Plaintiff also claims that Defendant violated Article 1, Section 9, Clause 3 of the United States Constitution, or the Ex Post Facto Clause, which provides that "No Bill of Attainder or ex post facto Law shall be passed."  U.S. Const. art. I, § 9, cl. 3.  This claim fails because the Ex Post Facto Clause "applies only to criminal, and not civil cases." *Plaza Health Labs., Inc. v. Perales*, 702 F. Supp. 86, 89 (S.D.N.Y.), *aff'd*, 878 F.2d 577 (2d Cir. 1989) (*citing DeMartino v. Comm. of Internal Revenue,* 862 F.2d 400, 409 (2d Cir. 1988)).

### I.   Claims Under Federal Criminal Statutes (Counts 9-14, 18-19)

Plaintiff brings claims under various federal criminal statutes, including 18 U.S.C. §§ 242, 872, 1341, 1346, 1349, 1621, and 42 U.S.C. § 2000h-1.  All of these claims fail because "'[i]t is a truism' long recognized by federal courts 'that in our federal system crimes are always prosecuted by the Federal Government,' not by private complaints." *Dourlain v. Comm'r of Taxation & Fin.,* 133 F. App'x 765, 767–68 (2d Cir. 2005) (*citing Connecticut Action Now, Inc. v. Roberts Plating Co.,* 457 F.2d 81, 86-87 (2d Cir.1972)).  There is no private right of action under these statutes.

### J.   Claims under 42 U.S.C. § § 1981, 1982, and 1983  (Counts 15-17)

I assume that the various claims stated above were brought under 42 U.S.C. § 1983 and have addressed them as such.  Any freestanding § 1983 claim made by Plaintiff fails because "Section 1983 creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985).

Plaintiff also asserts claims under 42 U.S.C. § § 1981 and 1982.  Both fail because those statutes have been construed to forbid *racial* discrimination.  Plaintiff does not allege that he has been discriminated against on the basis of race, and in fact admitted in his deposition that his race had nothing to do with Defendant's actions.  (ECF No. 24-2 at 42: 23-24.)  I dismiss these claims *sua sponte* because they are frivolous.

### K.  Zoning Statute (Count 20)

Plaintiff also asserts a claim under Connecticut zoning law.  He cites "Chapter 124-125," and alleges that Defendant has failed to uphold his oath as a Zoning Enforcement Officer.  First, it is unclear which statute Plaintiff seeks to invoke, as Chapters 124 and 125 encompass a variety of zoning laws, and Plaintiff cites no specific provision authorizing a private right of action.  But in any event, as shown above, any attempt to assert his rights under state zoning laws must be presented to state authorities in the first instance.

### IV.  Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 23) is GRANTED.  Plaintiff's Motions for Judgment as a Matter of Law (ECF Nos. 24 and 35), Motion to Withdraw (ECF No. 36), and Defendant's Motion to Strike (ECF No. 37) are DENIED as moot. Plaintiff filed two additional motions, a Motion for Preliminary Injunction (ECF No. 42) and a Motion for Injunction of Cease and Desist Orders (ECF No. 43), which the Court construed as motions to file a supplemental complaint under Fed. R. Civ. P. 15(d).  (ECF No. 44.)  The Motion for Preliminary Injunction (ECF No. 42), to the extent it seeks to add a claim regarding payment of property taxes on the property, is DENIED as futile, because the only defendant in this case, the Town of Franklin Zoning Enforcement Officer, cannot provide relief against the collection of property taxes.  The Motion for Injunction of Cease and Desist Orders (ECF No. 43) is DENIED as moot, as it simply reiterates the allegations in Plaintiff's complaint.  The clerk is directed to close this case.

IT IS SO ORDERED.

_____/s/_____

17

Michael P. Shea, U.S.D.J.

Dated:          Hartford, Connecticut
                September 28, 2016